# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2021

Lyle W. Cayce
Clerk

No. 21-20222
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Alberto Bernal Garcia,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-491-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Alberto Bernal Garcia, federal prisoner # 62488-479, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Garcia argues that the district court abused its discretion because it found that his fear of COVID-19 reinfection, in light of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his prior recovery from COVID-19, was not an extraordinary and compelling ground for compassionate release under § 3582(c)(1)(A)(i).

We review a district court's decision to deny a prisoner's § 3582(c)(1)(A)(i) motion for compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's term of imprisonment, after considering the applicable 18 U.S.C. § 3553(a) factors, if the court finds that extraordinary and compelling reasons warrant such a reduction. § 3582(c)(1)(A)(i); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

In addition to determining that Garcia had not demonstrated extraordinary and compelling reasons warranting a reduction, the district court also noted that Garcia had served too little of his sentence. The district court also stated that the § 3553(a) factors weighed against his release, in particular, the nature and circumstances of his offense, " a large and sinister collection of child pornography images," and the lack of access to a sex offender treatment program which would help him reenter society. Garcia acknowledges the district court's weighing of the § 3553(a) factors against him, but he raises no challenge to the district court's assessment of these factors. He has failed to show that the district court abused its discretion by denying his motion for compassionate release. *See Chambliss*, 948 F.3d at 694. The district court denied Garcia's motion based on an independent assessment of the § 3553(a) factors, and we affirm on that basis. *See Chambliss*, 948 F.3d at 693-94. Accordingly, we need not consider the district court's separate reasoning that Garcia's prior recovery from COVID-19 weighed against his release.

The district court's judgment is AFFIRMED.